UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANTIAGO M.C.,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, ET AL.,

Respondents.

Case No. 1:26-CV-05502-JLT-FJS

(A-Number: 209-214-307)

ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING

On July 16, 2026, Petitioner Santiago M.C. ("Petitioner") filed his petition for writ of habeas corpus. (ECF No. 1.) Petitioner argues that his detention is in violation of his procedural due process rights because he was detained without a warrant and was not afforded a pre-deprivation bond hearing. (*Id.* at 6-8.)

On August 10, 2026, Respondents U.S. Immigration and Customs Enforcement and Warden of the California City Detention Center (collectively "Respondents") filed their opposition brief arguing that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a) and that the petition should be denied for failure to exhaust administrative remedies. (ECF No. 5.) Respondents provide that Petitioner entered the United States in November 2017, on a B2 nonimmigrant visa. (ECF No 5-1 at 2.) Said visa expired on May 1, 2018. (*Id.*) Yet U.S. Customs and Immigration Service subsequently approved two separate Form I-130s (petition for alien relative) in August 2019 and May 2025. (*Id.* at 3.)

On September 2, 2026, Petitioner filed a traverse brief asserted focused grounds for release. While the original Petition couched the asserted claims under the Due Process Clause, the reply trained on regulatory violations and elaborated on the I-130 petitions granted in December 2023 and May 2025. (*See, e.g.,* ECF No. 6 at 2-4 (citing 8 C.F.R. §§ 236.1(b), 236.1(c)(9)).)

ORDER

Based on an initial review of the record and for the reasons explained above, the court finds that supplemental briefing is appropriate. Accordingly, it is HEREBY ORDERED that:

(1) Respondents SHALL file supplemental briefing, due no later than October 23, 2026, and not to exceed five pages (5) in length. Respondents may raise matters within the scope of the traverse (ECF No. 6) and, in doing so, should address the following:

(a) Whether Petitioner's presence in the United States is based on his expired B2 visa or his approved Form I-130 petition.

(b) Assuming that Petitioner was paroled into the United States in August 2019, why this court should not order Petitioner's immediate release based on the government's failure to provide a warrant and a pre-deprivation bond hearing in compliance with the Department of Homeland Security's regulations implementing 8 U.S.C. § 1226(a).

(c) Assuming that there has been a violation of the regulations in Petitioner's case, whether Respondents can identify any authority to support a finding that the violation is "harmless."

(d) Whether there are administrative remedies Respondents believe Petitioner failed to exhaust.

2. Petitioner may file a supplemental reply brief limited to the matters raised in Respondents' October 23, 2026, brief. Petitioner shall have until October 30, 2026, to file this optional supplemental reply brief. This optional supplemental reply brief shall not exceed five (5) pages in length. If Petitioner chooses to file a supplemental brief, that brief should not raise new or additional grounds for relief not already included in the original petition or traverse. (ECF Nos. 1, 6). If the court does not receive supplemental briefing by the

deadline the court will presume that Petitioner wishes to proceed on the existing record.

IT IS SO ORDERED.

Dated: **October 14, 2026**

UNITED STATES MAGISTRATE JUDGE